UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BLOOMBERG L.P., <br><br>         Plaintiff, <br><br>    v. <br><br> DEPARTMENT OF HOMELAND SECURITY, <br><br>         Defendant. | Civil Action No. 24-0596 (SLS) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ iii

BACKGROUND ..................................................................................................... 1

LEGAL STANDARDS ............................................................................................. 2

ARGUMENT .......................................................................................................... 2

I.      The Department Properly Withheld Information Under Exemptions 7(C) and 7(E) .......... 2

        A.      USCIS Properly Invoked Exemption 7(C) ........................................... 4

        B.      USCIS Properly Invoked Exemption 7(E) ........................................... 8

II.     The Department Satisfied Its Segregability Obligation .................................... 12

CONCLUSION ...................................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*ACLU of Me. Found. v. USCIS*,
  Civ. A. No. 20-0422, 2022 WL 1747863 (D. Me. May 31, 2022) ......................................7, 11

*Ahmed v. USCIS*,
  Civ. A. No. 11-6230, 2013 WL 27697 (E.D.N.Y. Jan. 2, 2013) ...............................................11

*Allard K. Lowenstein Int'l Hum. Rts. Proj. v. Dep't of Homeland Sec.*,
  626 F.3d 678 (2d Cir. 2010) .....................................................................................................9

*Assadi v. USCIS*,
  Civ. A. No. 12-1374, 2013 WL 230126 (S.D.N.Y. Jan. 22, 2013)............................................7

*Ayuda, Inc. v. FTC*,
  4 70 F. Supp. 3d 247 (D.D.C. 2014) .......................................................................................14

*Ball v. Marshals Serv.*,
  Civ. A. No. 19-1230 (JEB), 2021 WL 4860590 (D.D.C. Oct. 19, 2021)...................................8

*Bartko v. Dep't of Just.*,
  898 F.3d 51 (D.C. Cir. 2018).....................................................................................................5

*Blackwell v. FBI*,
  646 F.3d 37 (D.C. Cir. 2011).................................................................................................4, 5

*Carter v. Dep't of Com.*,
  830 F.2d 388 (D.C. Cir. 1987)...................................................................................................6

*Comm. for Freedom of the Press v. Customs & Border Prot.*,
  567 F. Supp. 3d 97 (D.D.C. 2021) ..........................................................................................12

*Comm. for Freedom of the Press v. FBI*,
  3 F.4th 350 (D.C. Cir. 2021)...............................................................................................7, 12

*Comm. for Freedom of the Press v. FBI*,
  754 F. Supp. 3d 56 (D.D.C. 2024) ..........................................................................................12

*Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*,
  554 F.3d 1046 (D.C. Cir. 2009).................................................................................................6

*CREW v. Dep't of Just.*,
  746 F.3d 1082 (D.C. Cir. 2014).................................................................................................8

**Cases (cont.)**

*Ecological Rts. Found. v. EPA*,
   541 F. Supp. 3d 34 (D.D.C. 2021) ........................................................................8

*Elec. Priv. Info. Ctr. v. Customs & Border Prot.*,
   No. 17-5078, 2017 WL 4220339 (D.C. Cir. Aug. 1, 2017).....................................9

*Elec. Priv. Info. Ctr. v. Dep't of Com.*,
   928 F.3d 95 (D.C. Cir. 2019).................................................................................7

*Elec. Priv. Info. Ctr. v. Drone Advisory Comm.*,
   369 F. Supp. 3d 27 (D.D.C. 2019) ........................................................................2

*Evans v. Fed. Bureau of Prisons*,
   951 F.3d 578 (D.C. Cir. 2020).......................................................................12, 14

*Fischer v. Dep't of Just.*,
   723 F. Supp. 2d 104 (D.D.C. 2010) ....................................................................14

*Fitzgibbon v. CIA*,
   911 F.2d 755 (D.C. Cir. 1990)..............................................................................5

*Flyers Rts. Educ. Fund, Inc. v. FAA*,
   71 F.4th 1051 (D.C. Cir. 2023)...........................................................................13

*Grey v. Cuccinelli*,
   Civ. A. No. 18-1764, 2020 WL 3104744 (D.S.C. June 11, 2020)...........................3

*Grey v. Cuccinelli*,
   Civ. A. No. 18-1764, 2021 WL 914245 (D.S.C. Mar. 10, 2021) ...........................11

*Gun Owners of Am., Inc. v. FBI*,
   Civ. A. No. 22-3379 (JEB), 2024 WL 195829 (D.D.C. Jan. 18, 2024)...................12

*Ibrahim v. Dep't of State*,
   311 F. Supp. 3d 134 (D.D.C. 2018) .................................................................3, 10

*Kendrick v. DEA*,
   Civ. A. No. 21-1624 (TNM), 2022 WL 3681442 (D.D.C. Aug. 25, 2022) ..............8

*Kowal v. Dep't of Just.*,
   107 F.4th 1018 (D.C. Cir. 2024)...........................................................................9

*Louise Trauma Ctr. LLC v. Dep't of Homeland Sec.*,
   Civ. A. No. 20-1128 (TNM), 2022 WL 1081097 (D.D.C. Apr. 11, 2022)..............12

**Cases (cont.)**

*Maryland v. Dep't of Veterans,*
   *Affs.*, 130 F. Supp. 3d 342 (D.D.C. 2015) ..............................................................14

*Mayer Brown LLP v. IRS,*
   562 F.3d 1190 (D.C. Cir. 2009) ..........................................................................9

*McCutchen v. Dep't of Health & Hum. Servs.*,
   30 F.3d 183 (D.C. Cir. 1994) ...............................................................................6

*Mead Data Cent., Inc. v. Dep't of the Air Force,*
   9 566 F.2d 242 (D.C. Cir. 1977) .........................................................................14

*Moujtahid v. USCIS,*
   Civ. A. No. 18-1789, 2020 WL 4000980 (W.D. Wash. July 15, 2020)..................7

*Nation Mag. v. Customs Serv.*,
   71 F.3d 885 (D.C. Cir. 1995) ...........................................................................5, 6

*Nat'l Archives & Recs. Admin. v. Favish*,
   541 U.S. 157 (2004) .........................................................................................4, 6

*Nat'l Ass'n of Crim. Def. Lawyers v. Dep't of Just.*,
   844 F.3d 246 (D.C. Cir. 2016) ...........................................................................13

*Nat'l Ass'n of Retired Fed. Emps. v. Horner*,
   879 F.2d 873 (D.C. Cir. 1989) .............................................................................7

*Painting & Drywall Work Pres. Fund, Inc. v. Dep't of Hous. & Urb. Dev.*,
   936 F.2d 1300 (D.C. Cir. 1991) ...........................................................................6

*Perry v. Block*,
   684 F.2d 121 (D.C. Cir. 1982) .............................................................................2

*PETA v. Nat'l Insts. of Health,*
   745 F.3d 535 .........................................................................................................6

*Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mex.*,
   740 F.3d 195 (D.C. Cir. 2014) ..........................................................................2, 9

*Rominov Inv. Servs. Inc. v. Dep't of Homeland Sec.*,
   Civ. A. No. 19-0427, 2020 WL 4289426 (M.D. Fla. July 2, 2020)..................7, 11

*Roth v. Dep't of Just.*,
   642 F.3d 1161 (D.C. Cir. 2011) ...........................................................................5

**Cases (cont.)**

*Schoenman v. FBI*,
   Civ. A. No. 04-2202, 2009 WL 763065 (D.D.C. Mar. 19, 2009)............................................14

*Schrecker v. Dep't of Just.*,
   349 F.3d 657 (D.C. Cir. 2003)...........................................................................................5

*Shapiro v. Dep't of Just.*,
   893 F.3d 796 (D.C. Cir. 2018)...........................................................................................9

*Strang v. Arms Control & Disarmament Agency*,
   864 F.2d 859 (D.C. Cir. 1989)...........................................................................................2

*Sussman v. Marshals Serv.*,
   494 F.3d 1106 (D.C. Cir. 2007)........................................................................................13

*Tax Analysts v. IRS*,
   294 F.3d 71 (D.C. Cir. 2002).............................................................................................3

*Techserve All. v. Napolitano*,
   803 F. Supp. 2d 16 (D.D.C. 2011) ...............................................................................3, 11

*Tran v. Dep't of Just.*,
   Civ. A. No. 01-0238, 2001 WL 1692570 (D.D.C. Nov. 20, 2001)........................................10

*Yadav v. USCIS*,
   Civ. A. No. 22-0420, 2023 WL 5671621 (D. Md. Sept. 1, 2023) ...................................3, 11

**Statutes**

5 U.S.C. § 552..................................................................................................................1

5 U.S.C. § 552(b)(7)..........................................................................................................2

5 U.S.C. § 552(b)(7)(C)...................................................................................................4, 8

5 U.S.C. § 552(b)(7)(E)......................................................................................................8

8 U.S.C. § 1101.................................................................................................................3

**Rules**

Fed. R. Civ. P. 56(a)..........................................................................................................2

Defendant Department of Homeland Security (the "Department"), by and through the undersigned counsel, respectfully files this memorandum of points and authorities in support of its motion for summary judgment.

## BACKGROUND

Plaintiff Bloomberg L.P. submitted to the Department a records request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that read, in relevant part:

> I request a copy of records on H-1b violations that the USCIS has found, from lottery season FY2021 (lotteries conducted in 2020) to lottery season FY2024 (lotteries conducted in 2023):
>
> 1.    A list of all employers found in violation of H-1B rules each year and a description of each violation;
>
> 2.    A list of final actions taken against each employer, including the date of each final action;
>
> 3.    The number of beneficiaries implicated in each violation and a list of final actions taken against the beneficiaries, including the date of each final action.

1st FOIA Request at 1, ECF No. 1-1. Bloomberg also submitted two additional FOIA requests for certain other categories of H-1B visa information. *See* 2d & 3d FOIA Requests, ECF No. 1-1

Bloomberg filed this civil action on March 1, 2024. *See* Compl. Over the next ten months, the Department produced responsive information to Bloomberg in the form of Excel spreadsheets. *See* Jt. Status Rpts., ECF Nos. 11, 12, 13, 14, 15. The parties have narrowed their dispute to two issues: the withholding of certain information under Exemptions 7(C) and 7(E) in the Department's response to Bloomberg's first FOIA request. No dispute remains as to the adequacy of the search or the withholdings (1) under any other Exemption or (2) as to the second or third FOIA requests.[1]

---

[1]    Counsel for Bloomberg has authorized the Department to make this representation.

## LEGAL STANDARDS

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "FOIA cases are typically and appropriately decided on motions for summary judgment." *Elec. Priv. Info. Ctr. v. Drone Advisory Comm.*, 369 F. Supp. 3d 27, 48 (D.D.C. 2019), *aff'd*, 995 F.3d 993 (D.C. Cir. 2021). (cleaned up). To prevail, the "agency must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the FOIA's inspection requirements." *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982) (alterations omitted).

## ARGUMENT

The Department properly invoked Exemptions 7(C) and 7(E) and released all non-exempt, reasonably segregable information. As such, the Department is entitled to summary judgment.

## I.    __The Department Properly Withheld Information Under Exemptions 7(C) and 7(E)__

An agency may withhold information when it "reasonably foresees that disclosure would harm an interest protected by an exemption." 5 U.S.C. § 552(a)(8)(A)(i)(I). Exemption 7 protects against disclosure certain records or information "compiled for law enforcement purposes" 5 U.S.C. § 552(b)(7). Exemption 7 is not "limited to criminal law enforcement," but rather, reaches "the enforcement of national security laws." *Strang v. Arms Control & Disarmament Agency*, 864 F.2d 859, 862 (D.C. Cir. 1989) (emphasis omitted). To fall within Exemption 7's scope, the record or information at issue must be "compiled for law enforcement purposes" and its production must "threaten a particular harm" cognizable under one or more of Exemption 7's subsections—i.e., subsections 7(A), 7(B), 7(C), 7(D), 7(E) or 7(F). *Pub. Emps. for Env't Resp. v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mex.*, 740 F.3d 195, 202 (D.C. Cir. 2014) (cleaned up).

A record is compiled for law enforcement purposes if "the investigatory activity that gave rise to [it] is related to the enforcement of federal laws, and there is a rational nexus between the

investigation at issue and the agency's law enforcement duties." *Tax Analysts v. IRS*, 294 F.3d 71, 78 (D.C. Cir. 2002). In making this inquiry, "the focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Id.* (cleaned up). Further, "courts apply a more deferential standard to a claim that information was compiled for law enforcement purposes when [it] is made by an agency whose primary function involves law enforcement." *Id.* at 77.

Initially, the information withheld under Exemptions 7(C) and 7(E) was compiled for law enforcement purposes—namely, "enforcing the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*" Attach. G, *Vaughn* Index at 5, 10, 14. "The petitioners and/or beneficiaries identified" in the information withheld under Exemptions 7(C) or 7(E) "were found by USCIS [Fraud Detection and National Security Directorate (the "Directorate")] to be in violation of immigration law or were/are under investigation by [the Directorate] for alleged violations of U.S. immigration law, specifically the laws and regulations applicable to the H-1B visa category." *Id.* These activities constitute "the enforcement of federal laws," and "a rational nexus" exists between "the investigation[s] at issue and [USCIS's] law enforcement duties." *Id.*; *see also Techserve All. v. Napolitano*, 803 F. Supp. 2d 16, 29 (D.D.C. 2011) (records were compiled for law enforcement purposes as their disclosure "would reveal the selection criteria, fraud indicators, and investigative process that USCIS and other agencies use in fraud investigations during the H-1B visa process").

USCIS's assertion that it complied this data for law enforcement purposes is due deference, moreover, because "USCIS is a law enforcement agency." *Ibrahim v. Dep't of State*, 311 F. Supp. 3d 134, 143 (D.D.C. 2018); *see also Yadav v. USCIS*, Civ. A. No. 22-0420, 2023 WL 5671621, at *10 (D. Md. Sept. 1, 2023) ("there can be no genuine dispute in this case that the USCIS is a law enforcement agency for purpose of applying FOIA Exemptions 7(C) and 7(E)"); *Grey v.*

*Cuccinelli*, Civ. A. No. 18-1764, 2020 WL 3104744, at *8 (D.S.C. June 11, 2020) ("the court is convinced that USCIS is a law enforcement agency for purposes of invoking Exemption 7(E)").

Because USCIS withheld the same information under both Exemptions 7(C) and 7(E), *see Vaughn* Index at 5-6, 10, 15, this Court need only determine that USCIS invoked either Exemption to conclude that it properly withheld the information at issue. As explained further below, USCIS properly withheld the redacted information under both Exemptions 7(C) and 7(E).

A.    **USCIS Properly Invoked Exemption 7(C)**

Exemption 7(C) protects law enforcement records or information where disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Exemption 7(C) "ordinarily does not require disclosure of" records or information "that contain private information." *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011). "[P]rivacy interests are particularly difficult to overcome when law enforcement information regarding third parties is implicated," and "requests for such third party information are strongly disfavored." *Id.* When "privacy concerns . . . are present," the requester "must establish a sufficient reason for the disclosure." *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004). Any "invasion of privacy is unwarranted" unless a requester "show[s] that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake," as well as that "the information is likely to advance that interest." *Id.*

The information USCIS withheld under Exemption 7(C) is "law enforcement information regarding third parties," *Blackwell*, 646 F.3d at 41; specifically, "individual beneficiaries' unique receipt numbers," *Vaughn* Index at 5, 10, 14. None of these people "provided written authorization or consent for release of their personal information to [Bloomberg]." *Id.* These individuals have a privacy interest in their unique identifiers. "The beneficiaries and their petitioners['] identifying information, which is integral to the H-1B violation investigations disclosed on this spreadsheet,

4

coupled with the entirety of the information contained in the [ ] spreadsheet, much of it disclosed to Plaintiff, could reasonably lead to the discovery of the identity of the beneficiaries." *Id.* at 5, 10, 15. "The individual receipt numbers redacted from the spreadsheet are personally identifiable information (PII) of the beneficiaries." *Id.* "Disclosure of the H-1B petitioners' identification, including their name and tax ID numbers, as well as the other unique petitioner identifiers listed in the redacted data columns, could lead to unmasking the identities of the individual beneficiaries whose receipt numbers are listed in the spreadsheet and cross- referenced to the petitioners' identifying information . . . subjecting the individuals to harassment, disclosure of their nonimmigrant status, and loss of/invasion of their personal privacy." *Id.* at 6, 10, 15.

The individuals' privacy interests weigh heavily in the Exemption 7(C) balancing. After all, "third parties retain a privacy interest in not being associated with an investigation." *Bartko v. Dep't of Just.*, 898 F.3d 51, 71 (D.C. Cir. 2018). The D.C. Circuit has "long recognized" that the mere "'mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation.'" *Roth v. Dep't of Just.*, 642 F.3d 1161, 1174 (D.C. Cir. 2011) (quoting *Schrecker v. Dep't of Just.*, 349 F.3d 657, 666 (D.C. Cir. 2003)). The "substantial interest in ensuring that [a person's] relationship to the investigations remains secret" applies to "not only the targets of law-enforcement investigations," *id.*, but to all "persons involved in law enforcement investigations," *Schrecker*, 349 F.3d at 666, "even if they are not the subject of the investigation," *Fitzgibbon v. CIA*, 911 F.2d 755, 767 (D.C. Cir. 1990); *accord Nation Mag. v. Customs Serv.*, 71 F.3d 885, 894 (D.C. Cir. 1995) (privacy interest in avoiding "unwarranted association with criminal activity" even if one is not "a potential violator of [the] laws").

The D.C. Circuit likewise has recognized that Exemption 7(C) applies not only to a name, but also to an "identifier assigned to [a] name." *Bartko*, 898 F.3d at 71. Indeed, "to the extent any

information contained in 7(C) investigatory files would reveal the identities of individuals who are subjects, witnesses, or informants in law enforcement investigations, those portions of responsive records are categorically exempt from disclosure." *Nation Mag*, 71 F.3d at 896. Exemption 7(C) thus "[a]s a general rule" permits an agency to "redact . . . identifiers of individuals mentioned in investigatory files in order to protect the privacy of those persons." *Id.*; *accord Painting & Drywall Work Pres. Fund, Inc. v. Dep't of Hous. & Urb. Dev.*, 936 F.2d 1300, 1303 (D.C. Cir. 1991) (Exemption 6, which is narrower than Exemption 7(C), protects "personal identifiers"); *Carter v. Dep't of Com.*, 830 F.2d 388, 394 (D.C. Cir. 1987) (Exemption 6 protects "potential identifiers").

Bloomberg, meanwhile, can identify no public interest in the withheld data sufficient to justify their disclosure. A "mere desire to review how an agency is doing its job, coupled with allegations that it is not, does not create a public interest sufficient to override the privacy interests protected by Exemption 7(C)." *Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Hum. Servs.*, 554 F.3d 1046, 1055 n.5 (D.C. Cir. 2009) (quoting *McCutchen v. Dep't of Health & Hum. Servs.*, 30 F.3d 183, 188 (D.C. Cir. 1994)); *see also PETA v. Nat'l Insts. of Health*, 745 F.3d 535, 543 (D.C. Cir. 2014 ("public interest in understanding the agency's investigatory processes fails to outweigh [an individual's] substantial [privacy] interest"). Nor is there a weighty public interest here in revealing government misconduct. When the public interest asserted under Exemption 7(C) is to uncover government misconduct, the "requester must establish more than a bare suspicion in order to obtain disclosure. Rather, [it] must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Favish*, 541 U.S. at 174. "Allegations of government misconduct are easy to allege and hard to disprove, so courts must insist on a meaningful evidentiary showing." *Id.* at 175 (cleaned up). But Bloomberg can adduce no evidence to warrant a reasonable belief that government misconduct

has occurred or that the withheld information would shed light on it. Indeed, it is hard to see how this information implicates any public interest at all. And without a countervailing public interest, withholding is appropriate because "something, even a modest privacy interest, outweighs nothing every time." *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989).

Indeed, courts have recognized that Exemption 7(C) covers Directorate information similar to that at issue here. *See Rominov Inv. Servs. Inc. v. Dep't of Homeland Sec.*, Civ. A. No. 19-0427, 2020 WL 4289426, at *8 (M.D. Fla. July 2, 2020), *R. & R. adopted*, 2020 WL 4287354 (M.D. Fla. July 27, 2020) (Exemption 7(C) protects Directorate data); *Assadi v. USCIS*, Civ. A. No. 12-1374, 2013 WL 230126, at *7 (S.D.N.Y. Jan. 22, 2013) (Exemption 7(C) protects personal data of "third parties" in Directorate data); *ACLU of Me. Found. v. USCIS*, Civ. A. No. 20-0422, 2022 WL 1747863, at *12-13 (D. Me. May 31, 2022), *R. & R. adopted*, 2022 WL 4298419 (D. Me. Sept. 19, 2022) (Exemption 7(C) protects "detailed information pertaining to an immigration applicant, including the applicant's case referral number," in Directorate database); *Moujtahid v. USCIS*, Civ. A. No. 18-1789, 2020 WL 4000980, at *5 (W.D. Wash. July 15, 2020) (Exemption 7(C) protects the "names of individuals who are under investigation in [Directorate's] National Security Data System" because disclosure "would reveal privacy information that is law enforcement in nature and compromise investigations of potentially unauthorized practice of immigration law").

Last, releasing the withheld information foreseeably would harm interests Exemption 7(C) protects: the protection of personal privacy. A record's "very context and purpose" can "make the foreseeability of harm manifest." *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 372 (D.C. Cir. 2021). And as the D.C. Circuit has explained in the context of a different statute, "[i]n the privacy context, [ ] harm would ordinarily stem from the disclosure of private information." *Elec. Priv. Info. Ctr. v. Dep't of Com.*, 928 F.3d 95, 102 (D.C. Cir. 2019). It is nearly axiomatic

that disclosing information the production of which "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C), foreseeably would harm personal privacy for the same reason that the information falls within Exemption 7(C)'s scope.

Releasing the information withheld under Exemption 7(C) foreseeably would "constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). If this "data was disclosed and assembled together with the information already disclosed to [Bloomberg] in the unredacted data columns . . . it could lead to the identification of the beneficiaries depicted in the spreadsheet," which in turn would result in the all of harms to privacy described above. *Vaughn* Index at 7, 12, 16; *see also Ball v. Marshals Serv.*, Civ. A. No. 19-1230 (JEB), 2021 WL 4860590, at *9 (D.D.C. Oct. 19, 2021) ("When Exemption 7(C) is invoked . . . the justifications for non-disclosure generally are also sufficient evidence of foreseeable harm."); *Ecological Rts. Found. v. EPA*, 541 F. Supp. 3d 34, 65 (D.D.C. 2021) ("The purpose of Exemption 7(C) is to protect the privacy of individuals identified in certain agency records, such that disclosure of identifying information is a harm in and of itself. Thus, when invoking Exemption 7(C), an agency need not establish much more than the fact of disclosure to establish foreseeable harm." (cleaned up)); *Kendrick v. DEA*, Civ. A. No. 21-1624 (TNM), 2022 WL 3681442, at *6 (D.D.C. Aug. 25, 2022) (given the "lower burden" to show foreseeable harm under Exemption 7(C), a "little" explanation is "enough").

## B.    USCIS Properly Invoked Exemption 7(E)

Exemption 7(E) protects records or information if production "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). There is "disagreement whether the 'risk of circumvention' requirement applies to records containing 'techniques and procedures' or only to records containing 'guidelines.'" *CREW v. Dep't of Just.*, 746 F.3d 1082, 1102 n.8 (D.C.

8

Cir. 2014). But "given the low bar posed by the 'risk circumvention of the law' requirement, it is not clear that the difference matters much in practice." *Pub. Emps.*, 740 F.3d at 205 n.4.

"To justify withholding under Exemption 7(E), an agency must clear only a low bar by demonstrating logically how the release of the requested information might create a risk of circumvention of the law." *Kowal v. Dep't of Just.*, 107 F.4th 1018, 1033 (D.C. Cir. 2024) (cleaned up). Exemption 7(E) "is written in broad and general terms." *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009). Several textual features give Exemption 7(E) a wide compass:

> It does not simply apply when information will definitely lead to circumvention of the law. [An agency] does not have to prove that circumvention is a necessary result; the statute exempts information that would "risk circumvention of the law." Showing a risk, of course, is a lower standard than showing a certainty. But the statute does not stop there. Rather than requiring [an agency] to prove a risk of circumvention, the statute exempts information that would "be expected to risk circumvention of the law." Risk of circumvention is not required—only an expectation of such a risk. Moreover, this expectation of a risk of circumvention need not be undeniable or universal; the risk need only be "reasonably" expected. Adding a final strike against a rigidly narrow interpretation, the exemption does not force [an agency] to show this reasonably expected risk with certainty—only that disclosure "could reasonably be expected" to create such a risk.

*Id.* (cleaned up).

The D.C. Circuit has rejected efforts to limit Exemption 7(E)'s broad sweep. Exemption 7(E) applies even where a technique or procedure's "capabilities" are "known to the public," so long as an agency's "methods of managing" the technique or procedure "are generally not known." *Shapiro v. Dep't of Just.*, 893 F.3d 796, 800-01 (D.C. Cir. 2018). Further, Exemption 7(E) "is not limited to records the release of which would disclose techniques, procedures or guidelines for criminal law enforcement investigations or prosecutions," but applies to civil immigration law enforcement as well. *Elec. Priv. Info. Ctr. v. Customs & Border Prot.*, No. 17-5078, 2017 WL 4220339, at *1 (D.C. Cir. Aug. 1, 2017); *see also Allard K. Lowenstein Int'l Hum. Rts. Proj. v. Dep't of Homeland Sec.*, 626 F.3d 678, 682 (2d Cir. 2010) (Exemption 7(E) covered Immigration

9

and Customs Enforcement memo); *Ibrahim v. Dep't of State*, 311 F. Supp. 3d 134, 143 (D.D.C. 2018) ("Exemption 7(E) does apply to the USCIS's Refugee Application Assessment"); *Tran v. Dep't of Just.*, Civ. A. No. 01-0238, 2001 WL 1692570, at *3 (D.D.C. Nov. 20, 2001) (Exemption 7(E) covered a form "used when another agency reviews any portion of immigration records of a lawful permanent resident or United States Citizen in connection with an official investigation").

USCIS properly invoked Exemption 7(E). As explained in the *Vaughn* Index, "disclosure of the identifies of the petitioners would disclose techniques and procedures for law enforcement investigations, *e.g.*, investigation of alleged immigration (H-1B visa) fraud." *Vaughn* Index at 6, 11, 15. "Most of these employers have not been notified that [the Directorate] found that they violated the terms and conditions of their H-1B petitions." *Id.* "The reasons for this vary. For example, a petition may be near the end of its validity period when an adjudicator reviews the [Directorate's] findings." *Id.* "Because of this, the petition is allowed to expire, and the employer receives a high-risk score to ensure closer [Department]/USCIS scrutiny of any petition it files in the future." *Id.* "This score is housed in USCIS' Validation Instrument for Business Enterprises [ ] database." *Id.* "An employer who learns through a FOIA release that [the Directorate] found violations will (or should) know that it now has a high-risk [ ] score, so it may engage in actions to defeat future [Directorate] program-integrity efforts and [the Directorate's] efforts to detect, deter, and take law enforcement action against petitioners/beneficiaries who violate U.S. immigration law." *Id.* "For instance, the employer may dissolve and then reincorporate itself with a different name, a shuffled corporate board, and federal employer identification number." *Id.* "This is easily done in many states, and it is very difficult for [the Directorate] to link what is essentially the same bad-acting employer across time and across petitions when this happens." *Id.*

10

Accordingly, "[d]isclosing the identifies of the petitioners could reasonably be expected to risk circumvention of immigration law, enabling the petitioners to become aware that they are or have been under scrutiny by [the Department] for their violations of immigration law and enable them to tailor their activities, petitions, and other interactions with [the Department]/USCIS to avoid detection." *Vaughn* Index at 6; *accord id.* at 11, 15 (same). "Such information . . . would reveal techniques and procedures utilized by [the Directorate] to detect and deter immigration fraud." *Id.* at 6, 11, 15. "In addition, Column AD contains a detailed summary of the [Directorate's] fraud investigation, *e.g.*, the [Directorate] Statement of Findings Synopsis." *Id.* at 15; *accord id.* at 6. "This column contains more than a unique identifier code, it contains a textual summary of the [Directorate's] fraud findings, [its] investigation techniques involved, and information about [its] sources of information." *Id.* at 15-16. "Disclosure of Column AD's techniques and procedures for [the Directorate's] law enforcement investigations would provide entities and individuals access to information that would allow them to circumvent immigration law," *id.* at 6, as well as "obtain immigration benefits that they otherwise are not eligible to obtain," *id.* at 15.

Indeed, courts frequently recognize that Exemption 7(E) protects information similar to that here. *See Techserve All.*, 803 F. Supp. 2d at 29 (Exemption 7(E) applied as "disclosing any of the [Directorate records] would reveal the selection criteria, fraud indicators, and investigative process that USCIS and other agencies use in fraud investigations during the H–1B visa process"); *Ahmed v. USCIS*, Civ. A. No. 11-6230, 2013 WL 27697, at *5 (E.D.N.Y. Jan. 2, 2013) (Directorate data "serve[d] law enforcement purposes and therefore [was] protected by Exemption (b)(7)(E)"); *Rominov Inv.*, 2020 WL 4289426, at *8 (Exemption 7(E) protected Directorate information); *Grey v. Cuccinelli*, Civ. A. No. 18-1764, 2021 WL 914245, at *6 (D.S.C. Mar. 10, 2021) (same); *ACLU of Me. Found.*, 2022 WL 1747863, at *17 (same); *Yadav*, 2023 WL 5671621, at *11 (same).

Finally, releasing the withheld data foreseeably would harm interests that Exemption 7(E)

protects, as the information's "very context and purpose . . . make[s] the foreseeability of harm

manifest." *Reps. Comm.*, 3 F.4th at 372. Here, "disclosure of the withheld spreadsheet data,

coupled with the disclosed data, would lead to the identification of petitioners who are not aware

that they are the target of ongoing law enforcement investigations and heightened scrutiny by [the

Department] of their petitions and applications seeking immigration benefits that the petitioners

have submitted or may submit in the future to USCIS, thus impairing [the Department's] mission

to detect and deter immigration fraud," which in turn would cause the harms described above.

*Vaughn* Index at 7-8, 12, 16; *see also Reps. Comm. for Freedom of the Press v. FBI*, 754 F. Supp.

3d 56, 67 (D.D.C. 2024) ("there remains a great deal of overlap between what an agency must

show to establish the applicability of Exemption 7(E) and what it must show to satisfy the

foreseeable harm requirement in that context"); *Gun Owners of Am., Inc. v. FBI*, Civ. A. No. 22-

3379 (JEB), 2024 WL 195829, at *4 (D.D.C. Jan. 18, 2024) ("In the context of Exemption 7(E),

because the exemption already requires a showing of risk of circumvention of the law, no further

foreseeable-harm analysis is necessary"); *Reps. Comm. for Freedom of the Press v. Customs &

Border Prot.*, 567 F. Supp. 3d 97, 128 (D.D.C. 2021) ("Exemption 7(E) by its own terms already

requires that an agency show a risk of foreseeable harm"); *Louise Trauma Ctr. LLC v. Dep't of

Homeland Sec.*, Civ. A. No. 20-1128 (TNM), 2022 WL 1081097, at *8 (D.D.C. Apr. 11, 2022)

("proper invocation of 7(E) goes a long way to show the risk of foreseeable harm" (cleaned up)).

## II.    <u>The Department Satisfied Its Segregability Obligation</u>

An agency must take reasonable steps to segregate and release all non-exempt, reasonably

segregable portions of responsive records. 5 U.S.C. § 552(a)(8)(A)(ii)(I), (b). Non-exempt portions

of responsive records need not be produced, however, if "they are inextricably intertwined with

exempt portions." *Evans v. Fed. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quotation

marks omitted). Under FOIA, segregability analysis "does not call for parsing [a record] line-by-line or segregating material dispersed throughout the document. Instead, the emphasis is on segregation of non-exempt material found in logically divisible sections." *Nat'l Ass'n of Crim. Def. Lawyers v. Dep't of Just.*, 844 F.3d 246, 257 (D.C. Cir. 2016) (cleaned up). "When an agency demonstrates that records contain exempt information, as [the Department] has done, it is entitled to a presumption that it complied with the obligation to disclose reasonably segregable material." *Flyers Rts. Educ. Fund, Inc. v. FAA*, 71 F.4th 1051, 1058 (D.C. Cir. 2023) (cleaned up, citing *Sussman v. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007)). The requester may "rebut this presumption," but only if it provides "evidence that would warrant a belief by a reasonable person that the agency failed to comply with its obligation." *Id.* (cleaned up).

There is "a presumption that [the Department] complied with the obligation to disclose reasonably segregable material," and Bloomberg can adduce no "evidence that would warrant a belief by a reasonable person that the agency failed to comply with its obligation," as is necessary to "rebut this presumption." *Flyers Rts.*, 71 F.4th at 1058. The Department explained that "[b]ased on the nature of the information contained in the [redacted] spreadsheet columns, the data could not be appropriately segregated such that non-exempt information can be disclosed." *Vaughn* Index at 9, 12, 17. "Thie exempt data in these columns is limited, consisting primarily of names or identification numbers." *Id.* "One column—AD—contains a textual investigatory summary." *Id.* at 9, 17. "Partial segregation of the exempt information would expose meaningless and limited letters and numbers, providing no discernable information." *Id.* at 9, 12. "Likewise, no portion of the investigatory summaries in Column AD are nonexempt and thus segregable." *Id.* at 9, 17. "Any non-exempt information in the [ ] spreadsheet is inexorably intertwined with exempt information such that reasonable segregation of the data is not possible." *Id.* at 9, 12., 17.

The Department thus satisfied its obligation to produce all reasonably segregable, non-exempt information. *See Evans*, 951 F.3d at 583; *Mead Data Cent., Inc. v. Dep't of the Air Force*, 9 566 F.2d 242, 260 261 n.55 (D.C. Cir. 1977) (agency need not produce nonexempt information that is "inextricably intertwined" with exempt information, and "a court may decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content"); *Maryland v. Dep't of Veterans Affs.*, 130 F. Supp. 3d 342, 355 (D.D.C. 2015) ("The Court will not order [agency] to release the '@' symbol or the domain of each withheld email address."); *Ayuda, Inc. v. FTC*, 4 70 F. Supp. 3d 247, 276 (D.D.C. 2014) (agency "can withhold the entire universe of information contained in the data fields [in database] when only a small percentage of that information is exempt but redacting the exempt information requires an unreasonably burdensome manual review"); *Fischer v. Dep't of Just.*, 723 F. Supp. 2d 104, 115 (D.D.C. 2010) ("Having shown both the highly sensitive nature of the exempt information and that nonexempt information is so intertwined with exempt information that the [agency] could not release any meaningful portion without disclosing exempt information, [agency] has satisfied its segregability burden."); *Schoenman v. FBI*, Civ. A. No. 04-2202, 2009 WL 763065, at \*26 (D.D.C. Mar. 19, 2009) (approving an agency's determination "that the 'fragmented' and 'isolated' occurrences of non-exempt material . . . are so 'inextricably intertwined with the exempt information' that the non-exempt material could not be reasonably segregated").

\*       \*       \*

**CONCLUSION**

For the foregoing reasons, this Court should grant Defendants summary judgment.

Dated: May 12, 2025                    Respectfully submitted,

                                       EDWARD R. MARTIN, JR., D.C. Bar #481866
                                       United States Attorney

                                       By: _____/s/ Bradley G. Silverman_____
                                       BRADLEY G. SILVERMAN, D.C. Bar #1531664
                                       Assistant United States Attorney
                                       601 D Street NW
                                       Washington, DC 20530
                                       (202) 252-2575
                                       bradley.silverman@usdoj.gov

                                       *Attorneys for the United States of America*